## Case No. 15,917.

### UNITED STATES v. OLIVER.

[4 Law Rep. 197.]

District Court, D. Massachusetts. Aug. 6, 1841.

OFFENCES AGAINST POSTAL LAWS — ILLEGALLY OPENING LETTER—ANONYMOUS LETTERS.

1. Under the circumstances of this case, it was *held*, that the defendant in breaking open a letter, deposited in the post office had not violated the act of congress of 1825, c. 275, § 21 [3 Story's Laws, 1991; 4 Stat. 107, c. 64].

2. Whether anonymous letters were intended to be protected by that act,—quære.

This was a complaint against the defendant, as postmaster of Lynn, for opening a letter, which contained only scrawls and incoherent nonsense, without signature, and was addressed to one Barker, of Lynn, who, it appeared, lived in that place. The letter was dropped into the Lynn post office. It appeared, that the prisoner had been informed that many letters of this description had been in the post office, and that this bore the same appearance and handwriting; that he thereupon opened it, and when Barker called at the office, he delivered it to him, saying that he had taken the responsibility of opening it.

Mr. Dexter, U. S. Dist. Atty., stated that the complaint was founded upon the 21st section of the post office act of 1825, which makes it criminal for any person employed in any of the departments of the post office establishment, to open any letters "with which he shall be entrusted, or which shall have come to his possession, and which are intended to be conveyed by post." The allegation in the complaint was, that the defendant, being postmaster, had opened a letter which had come to his possession and was intended to be conveyed by post.

Mr. Ward, for defendant, contended that the words "intended to be conveyed by post," in the 21st section, were to have some meaning; that they qualify what precedes, and show that there were some letters contemplated to come into the post office establishment, not to be conveyed by post; which could be no other than box letters, so called, that is, letters to be delivered in the place where they were lodged. He cited the 36th section, which provides that "for every letter lodged at any post office, not to be carried by post, but to be delivered at the place, where it is so lodged, the post master shall receive one cent of the person to whom it shall be delivered," and he contended that box letters were here expressly described as letters "not to be carried by post." He further contended, that this was the only

provision in the act for box letters being received into the post office; that no postage was imposed on them; that the 13th section, which prescribes the rates of postage, does not extend to them, and that the one cent received by the postmaster, under the 36th section, goes to his own use alone. He insisted further, that there was no evil intent in this case.

Mr. Dexter replied, that he did not contend there was any bad intention on the part of the prisoner; but he insisted that such intent was not necessary; that by the 21st section, the opening a letter was made criminal without reference to the intent or design; that opening a letter with intent to pry into business or secrets, or obstruct correspondence, was a distinct offence, so made by the 22d section, which he cited, and which makes it criminal, if any person "shall open any letter or packet which shall have been in a post office or in custody of a mail carrier, before it shall have been delivered to the person to whom it is directed, with a design to obstruct the correspondence, to pry into another's business or secrets." As to the other point, he argued that box letters came within the mischief intended to be guarded against in the 21st section, and ought, therefore, to come within the remedy and the sanction; that great evils would arise, if they were not thus included; and that they might be deemed letters intended to be conveyed by post, although the 36th section describes them as letters, not to be carried by post, because there was a distinction between "conveyed" by post and "carried" by post.

SPRAGUE, District Judge, delivered his opinion very briefly, observing that the complaint was founded wholly upon the 21st section. No offence under the 22d. section was charged, or presented for his consideration. The complaint alleged, that the letter in question was intended to be conveyed by post: this allegation followed the language of the statute, and was admitted to be essential to constitute the offence charged. It would seem, that the language was intended, as some qualification of the terms which preceded it, and contemplated two classes of letters as coming to the possession of the post master; one to be conveyed by post, and the other not to be so conveyed. What letters were embraced in the latter class? The same statute in the 36th section said, that letters to be delivered in the place where they were lodged, were letters "not to be carried by post." Thus the law itself defined and described certain letters as not to be carried by post; but it was insisted, that there was a distinction between the words "carried" and "conveyed," and that box letters were to be "conveyed" by post, although not to be "carried" by post within the meaning of the law. The whole question, then, presented for the consideration of the court, was, whether there was such a distinction, between "conveyed" by post,

and "carried" by post, as to be the foundation of a crime; for it was only on this distinction, that the complaint was attempted to be maintained. He thought, as the law itself had placed box letters in the class not to be carried by post, it would be refining too much to consider them still as belonging to the class to be conveyed by post, that he could not build up a crime upon a distinction so nice and critical. and he must, therefore, discharge the defendant. He suggested further. that a doubt might arise, whether such a missive as this, being mere scrawls and incoherent nonsense, without signature. would be within the protection of the penalties of the law, it being really no communication. but a fraud upon the person to whom addressed and upon the post office department. tending to prejudice the government. But he suggested this point only as a matter of inquiry, upon which he had formed no opinion.